IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

JOSEPH M. PADAVAN,  CASE NO.: 2:24-cv-316

      Plaintiff,

  v.

OMNI PITTSBURGH CORPORATION
d/b/a OMNI WILLIAM PENN HOTEL and
OMNI HOTELS MANAGEMENT
CORPORATION d/b/a OMNI WILLIAM
PENN HOTEL,

      Defendants.

Electronically Filed - **TRIAL BY JURY OF TWELVE DEMANDED**

---

### DEFENDANTS' OMNI PITTSBURGH CORPORATION d/b/a OMNI WILLIAM PENN HOTEL and OMNI HOTELS MANAGEMENT CORPORATION d/b/a OMNI WILLIAM PENN HOTEL PETITION FOR REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel and Defendant Omni Hotels Management Corporation d/b/a Omni William Penn Hotel (hereinafter collectively referred to as "Defendants" and/or "Omni"), by and through its counsel, Marshall Dennehey, P.C. and Joseph V. Lesinski, Esquire, hereby files this Petition for Removal and removes to the United States District Court for the Western District of Pennsylvania, the state court action described below:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

1. This is a personal injury action that arises from an incident that allegedly occurred on or about March 29, 2022, at Defendants' hotel located at 530 William Penn Place, Pittsburgh, PA

15219 (hereinafter, "the Hotel"). *See generally*, Plaintiff, Joseph M. Padavan's (hereinafter, "Plaintiff") Complaint, attached hereto as Exhibit "A".

2. Plaintiff alleges to have sustained various personal injuries as a result of a fall he allegedly sustained at the Hotel on the aforementioned date. *See Id.* at ¶ 14.

3. Plaintiff alleges counts of negligence against both of the Defendants related to his fall. *Id.* at ¶¶ 43-58.

4. While Plaintiff initially instituted this civil action by the filing of a Praecipe for Writ of Summons, Plaintiff's Complaint was the first pleading that put Defendants on notice of the removability of this matter. *Compare* Plaintiff's Praecipe for Writ of Summons, attached hereto as Exhibit "B" with Ex. "A".

5. The following pleadings have been filed in this action to date:

   a. Praecipe for Writ of Summons (*see* Ex. "B");
   b. Certificate of Service;
   c. Praecipe for Appearance;
   d. Affidavit of Service;
   e. Praecipe for Rule to File Complaint;
   f. Sheriff Return;
   g. Sheriff Return;
   h. Notice;
   i. Certificate of Service; and
   j. Complaint (*see* Ex. "A").

*See* Court of Common Pleas of Allegheny County, Pennsylvania at Docket Number: GD-24-001217, attached hereto as Exhibit "C".

6. A true and correct copy of all of the court papers above that have not already been identified and attached hereto as exhibits are collectively attached hereto as Exhibit "D".

## II. JURISDICTION

7. This action is one over which this Honorable Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1446(b)(3) and (c)(1):

   a. Based on the averments in Plaintiff's Complaint, he is a citizen of Pennsylvania who resides at 1700 Pittston Blvd., Luzerne County, Bear Creek Township, Pennsylvania 18702 (*see* Ex. "A" at ¶ 1);

   b. Defendant Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel was incorporated in the State of Delaware with a principal place of business located in Dallas, Texas (*see* Affidavit of Timothy D. Smith, Counsel for Defendants, attached hereto as Exhibit "E");

   c. Defendant Omni Hotels Management Corporation d/b/a Omni William Penn Hotel was incorporated in the State of Delaware with a principal place of business located in Dallas, Texas. (*see* Ex. "E").

8. As such, Plaintiff and Defendants are diverse within the meaning of 28 U.S.C. § 1332.

9. Furthermore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, as Plaintiff alleges to have "fell violently to the ground, striking his head on the floor", and sustaining the following injuries: subdural hematoma on the left side; interhemispheric subdural hematoma on the right side; brain edema on the left side; shift of midline to the left; and a subsequent surgery with inpatient care post-surgery for 7-10 days. *See* Ex. "A" at ¶¶ 14, 20-23, 26-27.

10. Plaintiff also alleges that his injuries are permanent in nature and will require future medical care and treatment for which he is claiming a right to recover. *See Id.* at ¶ 28.

11. Moreover, Plaintiff alleges to have sustained a loss of income and a loss of earning capacity and power as a result of his fall, both of which he is also claiming a right to recover in this case. *Id.* at ¶ 30.

12. Lastly, Plaintiff alleges that he is entitled to recovery in excess "of the jurisdiction limits requiring compulsory arbitration" in the Court of Common Pleas of Allegheny County, Pennsylvania, such a limit being $50,000.00, *see* Alle. Cnty. Pa. 1301(1)(a). Ex. "A" at p. 11.

13. Based on these allegations related to Plaintiff's alleged injuries, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and this matter is one in which this Honorable Court has original jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Honorable Court by Defendants pursuant to 28 U.S.C. §1441.

### III.     TIMELINESS

14. This Petition for Removal has been filed within thirty (30) days of the date in which Plaintiff filed their Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, and served said Complaint on Defendants.

15. As mentioned above, Plaintiff's Complaint is the first pleading filed in this matter that provided Defendants with notice of federal jurisdiction under 28 U.S.C. §1332.

### IV.     VENUE AND OTHER MATTERS

16. The Court of Common Pleas of Allegheny County, Pennsylvania is located within the jurisdiction of the United States District Court for the Western District of Pennsylvania. 28 U.S.C. §118(c).

17. Accordingly, this Honorable Court is embracing the place where such action is pending and venue is proper. *See* 28 U.S.C. §188(c) and §1441(a).

18. Promptly after filing this Petition for Removal, Defendants will provide written notice of this Petition to all counsel and will file a written notice with the Court of Common Pleas of Allegheny County, Pennsylvania, as required by 28 U.S.C. §1446(d). *See* Proposed Notice of Filing of Petition for Removal, attached hereto as Exhibit "F".

**WHEREFORE**, Defendant Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel and Defendant Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, hereby remove to this Honorable Court the above-captioned action, now pending in the Court of Common Pleas of Allegheny County, Pennsylvania, and requests that this action be placed on the Pittsburgh docket for this Honorable Court for further proceedings as though this action had originally been instituted in this Honorable Court.

**TRIAL BY JURY OF TWELVE DEMANDED**

                              **Respectfully Submitted:**

                              **MARSHALL DENNEHEY, P.C.**

By:  */s/ Joseph V. Lesinski*
Joseph V. Lesinski, Esquire
Union Trust Building
501 Grant St, Suite 700
Pittsburgh, PA 15219
412-803-1140/412-803-1188 (fax)
*Counsel for Defendants, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel and Omni Hotels Management Corporation d/b/a Omni William Penn Hotel*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the within **PETITION FOR REMOVAL** was served upon all counsel of record via the Court's electronic filing system on March 11, 2024.

**MARSHALL DENNEHEY, P.C.**

By: */s/ Joseph V. Lesinski*
Joseph V. Lesinski, Esquire
Union Trust Building
501 Grant St, Suite 700
Pittsburgh, PA 15219
412-803-1140/412-803-1188 (fax)
*Counsel for Defendants, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel and Omni Hotels Management Corporation d/b/a Omni William Penn Hotel*