# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

COVER SHEET

| Plaintiff(s)<br>Joseph Michael Padavan | CIVIL DIVISION |
|---|---|
| | Case Number :<br>GD - 24 - 01217 |
| | Type of pleading :<br>Complaint |
| | Code and Classification : |
| | Filed on behalf of<br>Plaintiff - Joseph Michael Padavan |
| Vs | |
| Defendant(s)<br>Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel and Omni Hotels Management Corporation d/b/a Omni William Penn Hotel | (Name of the filing party) |
| | ☑ Counsel of Record<br>☐ Individual, If Pro Se |
| | Required Information:<br>Name: Patrick J. Doyle, Jr., Esquire<br>Address: 98 South Franklin Street<br>Wilkes-Barre, PA 18701<br>Phone Number: 570-825-2719<br>Email Address: kendra.babuska@anzalonelaw.com |
| | Attorney's State ID : 203542 |
| | Attorney's Firm ID : |

GD-24-001217

[cover]

# ANZALONE LAW OFFICES, LLC

By: Patrick J Doyle Jr., Esquire
 Identification No.: 203542
 Kelly M. Ciravolo, Esquire
 Identification No.: 200565

**Attorneys for the Plaintiffs**

98 South Franklin Street
Wilkes-Barre, PA  18701
(570) 825-2719

| | | |
|---|---|---|
| JOSEPH M. PADAVAN | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | OF ALLEGHENY COUNTY |
| vs. | : | CIVIL ACTION—LAW |
| OMNI PITTSBURGH CORPORATION d/b/a OMNI WILLIAM PENN HOTEL and OMNI HOTELS MANAGEMENT CORPORATION d/b/a OMNI WILLIAM PENN HOTEL | : | JURY TRIAL DEMANDED |
| Defendants | : | No.: GD-24-01217 |

## COMPLAINT

AND NOW COMES the Plaintiff, Joseph M. Padavan, by and through his counsel, the Anzalone Law Offices, LLC, and hereby complains against the Defendants, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel and Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, as follows:

1. The Plaintiff, Joseph M. Padavan, is an adult individual who resides at 1700 Pittston Blvd., Luzerne County, Bear Creek Township, Pennsylvania 18702.

2. The Defendant, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel, is upon information and belief, a foreign corporation with a principal place of business located at 530 William Penn Place, Pittsburgh, Allegheny County, Pennsylvania 15219.

3. The Defendant, Omni Hotels Management Corporation d/b/a Omni William Penn

Hotel, is a foreign corporation with a principle place of business located at 251 Little Falls Drive, Wilmington, Delaware 19808.

4. Defendants, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel and Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, own, operate, and/or manage the Omni William Penn Hotel located at 530 William Penn Place, Pittsburgh, Allegheny County, Pennsylvania 15219.

5. Hereinafter, Defendants, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel and Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, are referred to collectively as "Defendants" or "Omni William Penn Hotel."

6. At all times material hereto, and particularly on March 29, 2022, the Defendants were in possession and control of the hotel known as "Omni William Penn Hotel" and the same was open to guests and invitees.

7. On March 29, 2022, Defendants were in possession and control of the Omni William Penn Hotel, including all furniture, banquet tables and chairs and movable personal property of the hotel.

8. In particular, the Defendants were responsible for the care, control and maintenance of the premises, including all conference rooms, banquet tables and chairs, on March 29, 2022.

9. On March 29, 2022, the Plaintiff, Joseph M. Padavan, (hereinafter referred to as "Mr. Padavan"), was a business invitee of the Defendants at the Omni William Penn Hotel.

10. On that date, the Defendants were hosting a trade conference of the AFL-CIO at their Omni William Penn Hotel

10. On that date, Mr. Padavan was attending the conference of the AFL-CIO at the Omni William Penn Hotel in his capacity as representative of the Greater Wilkes-Barre Labor

Council.

11. Specifically, Mr. Padavan was attending an awards ceremony in connection with the AFL-CIO conference at the hotel with several other gentlemen and he was in a smaller room at the hotel with several round tables and banquet chairs.

12. Mr. Padavan had just accepted a community service award on behalf of the Greater Wilkes-Barre Labor Council after which he returned to his seat.

13. Mr. Padavan was sitting at one of the round tables and a waiter walked up behind Mr. Padavan at his table and asked Mr. Padavan to hand him a bottle that was on the table.

14. Mr. Padavan picked up the bottle and turned to his left to hand it to the waiter when suddenly and without warning the back of the banquet chair broke off and/or the banquet chair failed and Mr. Padavan fell violently to the ground, striking his head on the floor.

15. Several other attendees assisted Mr. Padavan to his feet after he fell to the ground as a result of the banquet chair failing and/or breaking.

16. An employee from Defendants' Omni William Penn Hotel was alerted to the incident and made a report of the same.

17. Defendants' employee stated to Mr. Padavan that several other banquet chairs had similarly collapsed and the employee, himself, had previously experienced a banquet chair collapsing when he was sitting on one.

18. Mr. Padavan remained at the reception for a little while longer before returning home.

19. As a result of his fall, Mr. Padavan began to experience headaches and upon returning home he treated with his primary care physician as his headaches intensified.

20. An MRI performed on April 14, 2022 at Wilkes-Barre General Hospital revealed "[s]ubdural hematoma on the left side. Interhemispheric subdural hematoma on the right side.

3

Brain edema on the left side. Shift of midline to the left."

21. Mr. Padavan was admitted to the ICU where he was stabilized prior to surgery.

22. On April 14, 2022, Mr. Padavan underwent a left craniotomy for subdural hematoma and left middle meningeal artery embolization.

23. Mr. Padavan was required to remain inpatient at Wilkes-Barre General Hospital for approximately 7-10 days post-operatively.

24. Thereafter, Mr. Padavan required intensive inpatient therapy post-operatively.

23. Mr. Padavan continued to have complaints related to his head injury sustained during his fall on March 29, 2022, and continued to require medical treatment related to his symptomology.

24. Specifically, Mr. Padavan was noted by his providers to have poor balance; impaired visual convergence; repetitive behaviors and speech; memory impairment; mild cognitive impairment; and, difficultly word finding.

25. As a result, Mr. Padavan required ongoing physical therapy and speech PT/OT.

26. As a result of this fall, Mr. Padavan, sustained injuries that include, but are not limited to, the following:

    (a)    Subdural hematoma with midline shift;

    (b)    Cognitive impairment and memory loss;

    (c)    Gait impairment;

    (d)    Headaches;

    (e)    Dizziness;

    (f)    Visual impairment;

    (g)    Speech impairment;

    (h)    Loss of balance and coordination; and,

(i) Depression.

27. As a result of the aforementioned injuries, Mr. Padavan has treated with and incurred medical bills from numerous medical care providers for which he incurred medical bills which will be provided during discovery and for which a claim is hereby made.

28. Mr. Padavan has been informed, believes and avers that his injuries are permanent in nature and will require future medical care and treatment and a claim for same is hereby made.

29. As a further result of the injuries sustained in this fall, Mr. Padavan was rendered sick, sore, disabled and sustained severe physical and mental pain as well as great discomfort, all of which required medical care and treatment as stated herein.

30. As a result of the injuries sustained in this fall, Mr. Padavan has suffered and continues to suffer a loss of income and loss of earning capacity and power, a claim for which is hereby made.

31. As a result of the injuries sustained in this fall, Mr. Padavan has sustained and will continue to sustain a loss of everyday pleasures and enjoyments of life for which a claim is hereby made.

32. As a further result of the aforementioned injuries, Mr. Padavan has been unable to perform his activities of daily living and believes and avers that he will be unable to perform these activities of daily living for an indefinite time into the future.

33. Mr. Padavan's fall was the direct result of the Defendants' failure to maintain their facilities, including its banquet chairs, in a reasonable and prudent manner.

34. The Defendants had actual knowledge that the banquet chairs they used for their conventions and specifically those that were used on March 29, 2022 were faulty and susceptible of breaking.

35. The Defendants knew or should have known that the banquet chairs they used for

their conventions and specifically those that were used on March 29, 2022 were susceptible to failing because other banquet chairs had similarly failed and/or collapsed.

36. The Defendants' staff member had a similar incident on the same or similar chair when the chair failed and/or collapsed under him, thereby placing Defendants on notice of the defective and dangerous banquet chairs they were using in the conference/convention areas.

37. At all times relevant hereto, Defendants failed to ensure that their premises, including the banquet chairs utilized for conferences and/or conventions, were in good repair and free from defects that made them susceptible to failure and/or collapse.

38. At all times relevant hereto, Defendants failed to provide any warning or indication that its furniture, including their banquet chairs, was safe.

39. Defendants failed to remove the unsafe and hazardous banquet chairs from the conference/convention areas that were accessible to invitees.

40. Defendants failed to make reasonable and safe repairs to the unsafe and hazardous banquet chairs utilized during conferences/conventions.

41. Defendants knew or should have known that the unsafe and hazardous banquet chairs would be utilized by invitees attending the trade convention on March 29, 2022.

42. Mr. Padavan's injuries were caused solely by the Defendants' negligence as further described herein.

WHEREFORE, the Plaintiff, Joseph M. Padavan, hereby demands judgment in his favor and against the Defendants, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel and Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, in an amount in excess of the jurisdictional limits requiring compulsory arbitration thereof under the applicable Statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

## COUNT I – NEGLIGENCE

## JOSEPH M. PADAVAN V. OMNI PITTSBURGH CORPORATION D/B/A OMNI WILLIAM PENN HOTEL

43. The Plaintiff, Joseph M. Padavan, incorporated herein by reference Paragraphs 1 through and including 42 as though the same were set forth at length herein.

44. At all times relevant hereto, Defendant, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel, had a duty to maintain its premises, including all furniture and chairs accessible to invitees.

45. At all times relevant hereto, Defendant, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel, had a duty to ensure that all chairs were safe and not hazardous and susceptible to failing/breaking.

46. At all times relevant hereto, Defendant, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel, had a duty to remove any unsafe, hazardous, chairs that were susceptible to failure from its premises so that guests and invitees would not unwittingly utilize them and sustain injury, such as the case with Mr. Padavan.

47. At all times relevant hereto, Defendant, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel, had a duty to ensure that its facilities and furniture were safe and hazard-free for the intended use by guests and invitees, including Mr. Padavan.

48. The Defendant, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel, knew or should have known that its banquet chairs were susceptible to failing because other chairs had failed in a similar fashion.

49. The Defendant's, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel's, staff member previously had an incident similar to that of Mr. Padavan on a similar banquet chair at the hotel and conference center.

50. The carelessness and negligence of the Defendant, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel, consisted of the following:

(a) In then and there failing to properly inspect and maintain its facility and furniture including the banquet chairs that were utilized on March 29, 2022;

(b) In then and there allowing unsafe and hazardous banquet chairs that were susceptible to failure and/or breaking to be used by guests and invitees, including Mr. Padavan;

(c) In then and there making faulty repair(s) to the banquet chairs that it knew were unsafe, hazardous and susceptible to failing and/or breaking;

(d) In then and there failing to remove the unsafe and hazardous banquet chairs that were susceptible to failing and/or breaking from use at its facility;

(e) In then and there failing to remedy a dangerous condition or warn its guests and invitees of the dangerous condition that Defendant knew or should have known existed;

(f) In then and there failing to keep its premises in a reasonably safe condition for its guests and invitees;

(g) In then and there disregarding the rights and safety of Mr. Padavan and all others who were lawfully upon the property and attending the convention on March 29, 2022;

(h) In then and there failing to implement and carry out safe maintenance policies and procedures designed to protect its guests and invitees from dangerous and hazardous conditions;

(i) In then and there failing to implement and carry out safe maintenance policies and procedures for the inspection of its facilities and furniture, including its banquet chairs; and,

(j) In then and there failing to have adequate and safe banquet chairs for its guests and invitees on March 29, 2022.

WHEREFORE, the Plaintiff, Joseph M. Padavan, hereby demands judgment in his favor and against the Defendants, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel and

Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, in an amount in excess of the jurisdictional limits requiring compulsory arbitration thereof under the applicable Statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

## COUNT II– NEGLIGENCE

### JOSEPH M. PADAVAN V. OMNI HOTELS MANAGEMENT CORPORATION D/B/A OMNI WILLIAM PENN HOTEL

51. The Plaintiff, Joseph M. Padavan, incorporated herein by reference Paragraphs 1 through and including 50 as though the same were set forth at length herein.

52. At all times relevant hereto, Defendant, Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, had a duty to maintain its premises, including all furniture and chairs accessible to invitees.

53. At all times relevant hereto, Defendant, Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, had a duty to ensure that all chairs were safe and not hazardous and susceptible to failing/breaking.

54. At all times relevant hereto, Defendant, Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, had a duty to remove any unsafe, hazardous, chairs that were susceptible to failure from its premises so that guests and invitees would not unwittingly utilize them and sustain injury, such as the case with Mr. Padavan.

55. At all times relevant hereto, Defendant, Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, had a duty to ensure that its facilities and furniture were safe and hazard-free for the intended use by guests and invitees, including Mr. Padavan.

56. The Defendant, Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, knew or should have known that its banquet chairs were susceptible to failing because other chairs had failed in a similar fashion.

57. The Defendant's, Omni Hotels Management Corporation d/b/a Omni William Penn Hotel's, staff member previously had an incident similar to that of Mr. Padavan on a similar banquet chair at the hotel and conference center.

58. The carelessness and negligence of the Defendant, Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, consisted of the following:

(a) In then and there failing to properly inspect and maintain its facility and furniture including the banquet chairs that were utilized on March 29, 2022;

(b) In then and there allowing unsafe and hazardous banquet chairs that were susceptible to failure and/or breaking to be used by guests and invitees, including Mr. Padavan;

(c) In then and there making faulty repair(s) to the banquet chairs that it knew were unsafe, hazardous and susceptible to failing and/or breaking;

(d) In then and there failing to remove the unsafe and hazardous banquet chairs that were susceptible to failing and/or breaking from use at its facility;

(e) In then and there failing to remedy a dangerous condition or warn its guests and invitees of the dangerous condition that Defendant knew or should have known existed;

(f) In then and there failing to keep its premises in a reasonably safe condition for its guests and invitees;

(g) In then and there disregarding the rights and safety of Mr. Padavan and all others who were lawfully upon the property and attending the convention on March 29, 2022;

(h) In then and there failing to implement and carry out safe maintenance policies and procedures designed to protect its guests and invitees from dangerous and hazardous conditions;

(i) In then and there failing to implement and carry out safe maintenance policies and procedures for the inspection of its facilities and furniture, including its banquet chairs; and,

(j) In then and there failing to have adequate and safe banquet chairs for its guests

and invitees on March 29, 2022.

      WHEREFORE, the Plaintiff, Joseph M. Padavan, hereby demands judgment in his favor and against the Defendants, Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel and Omni Hotels Management Corporation d/b/a Omni William Penn Hotel, in an amount in excess of the jurisdictional limits requiring compulsory arbitration thereof under the applicable Statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,

ANZALONE LAW OFFICES, LLC

_____
PATRICK J DOYLE JR., ESQUIRE

_____
KELLY M. CIRAVOLO, ESQUIRE
Attorneys for Plaintiff

**VERIFICATION**

I, Joseph Michael Padavan, Plaintiff herein, certify that the statements contained in the foregoing Complaint are true and correct and are made subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

*Joseph M Padavan*
_____
JOSEPH MICHAEL PADAVAN